1  Joseph G. Went
   Nevada Bar No. 9220
2  Sydney R. Gambee
   Nevada Bar No. 14201
3  HOLLAND & HART LLP
   9555 Hillwood Drive, 2nd Floor
4  Las Vegas, NV 89134
   Phone: 702.669.4600
5  Fax: 702.669.4650
   jgwent@hollandhart.com
6  srgambee@hollandhart.com

7  K. Issac deVyer (*pro hac vice forthcoming*)
   Alicia A. Baiardo (*pro hac vice forthcoming*)
8  Anthony Q. Le (*pro hac vice forthcoming*)
   MCGUIRE WOODS
9  1800 Century Park East, 8th Floor
   Los Angeles, CA 90067
10 Phone: 310.315.8200
   Fax: 310.315.8210
11 KdeVyver@mcguirewoods.com
   ABaiardo@mcguirewoods.com
12 ALe@mcguirewoods.com

13 *Attorneys for Wells Fargo Bank, N.A.*

<div style="writing-mode: vertical">HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134</div>

14            **UNITED STATES DISTRICT COURT**

15                 **DISTRICT OF NEVADA**

16

| | |
|---|---|
| 17  ELIZABETH LEWIS, an individual; CALIFORNIA CABINETS DISTRIBUTOR, 18  INC., a Nevada corporation; PAUL MAALOUF, an individual; FORTRESS 19  PROTECTION, LLC, a Nevada limited liability company; BRAD MALOFF, an 20  individual; BETTER HITTING, INC., a Nevada corporation, on behalf of themselves 21  and all others similarly situated, | Case No.: Eighth Judicial District Court Case No.:  A-22-850036-C **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL** |

22            Plaintiffs,

23       vs.

24 WELLS FARGO BANK, N.A., BEASLEY
   LAW GROUP PC, a Nevada professional
25 corporation; and MICHAEL W. BEASLEY,
   an individual; and Does I through X, inclusive,
26
            Defendants.
27

28

1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1    Pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715, Defendant Wells Fargo Bank, N.A.

2  ("Wells Fargo") hereby submits this Notice of Removal (the "Notice"), removing the above-

3  captioned matter from the Eighth Judicial District Court for Clark County, Nevada, Case No. A-22-

4  850036-C, to the United States District Court for the District of Nevada (unofficial Southern

5  Division) on the following grounds.[1]

6    ***CAFA Jurisdiction:*** This Court has original jurisdiction over this civil action pursuant to

7  the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715 because

8  minimum diversity exists, the amount of controversy exceeds $5 million, and the number of

9  members of the proposed putative class in the aggregate is at least 100 class members.

10    In support of this Notice, Wells Fargo states as follows:

11  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

12    1.    On or about March 21, 2022, Plaintiffs Elizabeth Lewis, California Cabinet

13  Distributors, Inc., Paul Maalouf, Fortress Protection, LLC, Brad Maloff and Better Hitting, on behalf

14  of themselves and all others similarly situated ("Plaintiffs") filed their Complaint, in the Eighth

15  Judicial District Court, Clark County, Nevada, Case No. A-22-850036-C, *Elizabeth Lewis, et al. v.*

16  *Wells Fargo Bank, N.A., et al.* (the "State Court Action"), against Wells Fargo, Beasley Law Group

17  PC and Michael W. Beasley (collectively "Defendants"). A copy of the Complaint is attached hereto

18  as **Exhibit 1**.

19    2.    Wells Fargo has not been served with the Complaint, and Plaintiffs have not filed a

20  proof of service of summons and complaint. *See* **Exhibit 2**, the State Court Docket.

21    3.    Based on the allegations in the Complaint, Plaintiffs are residents of Washoe County,

22  Clark County, Nevada. Compl. ¶¶ 5-10.

23    4.    The Complaint correctly alleges that Wells Fargo is a nationally chartered bank

24  headquartered in Sioux Falls, South Dakota. Compl. ¶ 11.

25  / / /

26

27    [1] By filing this Notice, Wells Fargo does not waive, and specifically reserves, all defenses

28  and exceptions to this action.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

5.      Defendant Beasley Law Group PC (the "Beasley Firm") is a Nevada professional corporation with its principal place of business in Clark County, Nevada. Compl. ¶ 12.

6.      Defendant Matthew W. Beasley, Esq. ("Beasley") is a resident of Clark County, Nevada. Compl. ¶ 13.

7.      Plaintiffs assert claims against Wells Fargo for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, negligence and unjust enrichment. *See* Compl. ¶¶ 97-126.

8.      Plaintiffs assert claims against Beasley and the Beasley firm for breach of fiduciary duty, fraud, and unjust enrichment. *See* Compl. ¶¶ 127-146.

9.      Plaintiffs seeks to represent a putative class of "all persons who invested in J&J Purchasing or J&J Consulting's insurance settlement agreements through the Beasley Law Group IOLTA account and suffered damages." Compl. ¶ 85.

10.     Plaintiffs seek to represent a putative main class and a putative Nevada subclass. Compl. ¶¶ 85-86. Plaintiffs allege there are "[h]undreds and perhaps thousands of people invested in J&J Purchasing's or J&J Consulting's insurance settlement agreements through the Beasley law Group IOLTA account." Compl. ¶ 88.

11.     Plaintiffs seek general and special damages in excess of $15,000, punitive damages and attorney fees and costs and any relief as the Court deems to be just and proper. Compl., Prayer for Relief at 25.[2]

12.     Plaintiffs seek to recover their "investments made into a $300 million Ponzi scheme." Compl. ¶¶ 1, 36, 46.

## II.     THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13.     Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from

---

[2] The Prayer of Relief pleads damages in excess of $15,000, but the Complaint's caption pleads damages in excess of $50,000. *See* Compl., Prayer for Relief at 25.

1     the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative

2     class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class

3     members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. §

4     1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities

5     against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A);

6     and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes removal of

7     such actions under 28 U.S.C. § 1446.

8          14.      As required by 28 U.S.C. § 1441, Wells Fargo seeks to remove this case to the United

9     States District Court for the District of Nevada, which is the District Court embracing the place

10    where the State Court Action has been filed.

11          **A.     Minimal Diversity Exists.**

12          15.      To satisfy CAFA's diversity requirement, a party seeking removal need only show

13    that minimal diversity exists, that is, that one putative class member is a citizen of a state different

14    from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg.,*

15    *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087,

16    1090-91 (9th Cir. 2012) (finding that to achieve its purposes, CAFA provides expanded original

17    diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28

18    U.S.C. § 1332(d)(2)).

19          16.      For diversity purposes, "a corporation shall be deemed to be a citizen of any State by

20    which it has been incorporated and of the State where it has its principal place of business." 28

21    U.S.C. 1332(c)(1).

22          17.      Wells Fargo is a nationally chartered bank headquartered in Sioux Falls, South

23    Dakota. Compl. ¶ 11.

24          18.      Plaintiffs are citizens of Nevada while Wells Fargo is a citizen of South Dakota.

25    Compl. ¶¶ 5-11.

26          19.      Minimum diversity therefore exists between the parties under CAFA.

27    / / /

28    / / /

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**B.    The Putative Class Consists of More Than 100 Members.**

20.    Plaintiffs purport to bring this action on their own behalf, as well as on the behalf of "all persons who invested in J&J Purchasing or J&J Consulting's insurance settlement agreements through the Beasley Law Group IOLTA account and suffered damages." Compl. ¶ 85.

21.    Plaintiffs assert that there are "[h]undreds and perhaps thousands of people invested in J&J Purchasing's or J&J Consulting's insurance settlement agreements through the Beasley law Group IOLTA account." Compl. ¶ 88.

22.    The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

**C.    As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million.**

23.    To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct., 547, 554 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

24.    Here, Plaintiffs do not allege a specific amount in controversy beyond seeking damages in excess of $15,000. *See* Compl., Prayer for Relief at 25. Thus, the Court must consider as evidence of the amount in controversy that which is "facially apparent" on the Complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997); *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004). If the amount in controversy is unclear or ambiguous from the face of the complaint, a removing defendant need only satisfy the "preponderance of the evidence standard," *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013), i.e., that "it is more likely than not" that the amount in controversy is satisfied.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1    *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9ᵗʰ Cir. 2007) (quoting *Sanchez v.*

2    *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

3         25.    Under CAFA, the claims of individual members in a class action are aggregated to

4    determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C.

5    §1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA

6    if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff

7    or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages,

8    injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

9         26.    Moreover, the Senate Judiciary Committee's Report on the final version of CAFA

10    makes clear that any doubts regarding the maintenance of class actions in state or federal court

11    should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (stating that "if a federal

12    court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in

13    the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising

14    jurisdiction over the case . . . Overall, new section 1332(d) is intended to ***expand substantially***

15    ***federal court jurisdiction over class actions***. Its provisions should be read broadly, with a strong

16    preference that interstate class actions should be heard in a federal court if properly removed by any

17    defendant") (emphasis added). Moreover, the Senate Judiciary Committee's Report on the final

18    version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or

19    federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 (stating

20    that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class

21    action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor

22    of exercising jurisdiction over the case … Overall, new section 1332(d) is intended to expand

23    substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with

24    a strong preference that interstate class actions should be heard in a federal court if properly removed

25    by any defendant") (emphasis added).

26         27.    Plaintiffs seek to recover their "investments made into a $300 million Ponzi scheme".

27    Compl. ¶¶ 1, 36, 46. Plaintiffs further seek general and special damages in excess of $15,000,

28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1  punitive damages and attorney fees and costs and any relief as the Court deems to be just and proper.

2  Compl., Prayer for Relief at 25.

3       28.    While Wells Fargo denies any liability as to Plaintiffs' claims, based on these

4  allegations, claims, and prayer for relief set forth in the Complaint, the amount that Defendants

5  allegedly aided the Ponzi scheme, and therefore, the amount in controversy in this action, exclusive

6  of interests and costs, exceeds the sum of $5,000,000.[3]

7       29.    Accordingly, the total amount in controversy for Plaintiffs' claims asserted in this

8  action, conservatively estimated, significantly exceeds the $5,000,000 jurisdictional limit under

9  CAFA.

10       **D.    Defendants Are Not a State or State Official.**

11       30.    Defendants are not a state or state official.

12  **III.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

13       31.    This action has not been previously removed to federal court.

14       32.    As noted, this Notice is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides

15  that such Notices "may be filed within thirty days after receipt by the defendant, through service or

16  otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

17  be ascertained that the case is one which is or has become removable." On March 21, 2022, Plaintiffs

18  filed their Complaint in the State Court Action. Wells Fargo has not yet been served. Thus, the

19  Notice is filed with this Court within 30 days of filing of Plaintiffs' Complaint and it is timely under

20  28 U.S.C. § 1446(b).

21       33.    An action removed under CAFA does not require the consent of all defendants.

22  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action

23  may be removed to federal court, subject to more liberalized jurisdictional requirements, i.e., the

24  one-year limitation under § 1446(c)(1) does not apply, the case may be removed even if one or more

25  defendants are citizens of the state in which the action was brought, and the case may be removed

26

27  [3] Wells Fargo does not concede and reserves the right to challenge Plaintiffs' theory of liability and

28  damages.

by any defendant without the consent of co-defendants.") (citing 28 U.S.C. §§ 1332(d), 1441(a), 1453(b))); *see also Greene v. Harley-Davidson, Inc.,* 965 F.3d 767, 775 (9th Cir. 2020) ("A class action 'may be removed by any defendant without the consent of co-defendants' under CAFA.") (citing *Ibarra*, 775 F.3d at 1195). Co-defendant Michael W. Beasley has also been arrested as of on or about March 3, 2022. Compl. ¶ 39.

34.     In accordance with 28 U.S.C. § 1446(d), Wells Fargo will provide contemporaneous written notice of this Notice to all adverse parties and to the Clerk of the State Court. Pursuant to 28 U.S.C. § 1446(a), Wells Fargo has not been served any process, pleadings, or orders in such action. *See* **Exhibit 2**, the State Court Docket.

35.     Venue is proper in this Court. Pursuant to 28 U.S.C. §1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

36.     Nothing in this Notice is intended or should be construed as any type of express or implied admission by Wells Fargo of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Wells Fargo's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Wells Fargo expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

IV.   **CONCLUSION**

A true and correct copy of this Notice will be filed with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, as required by 28 U.S.C. § 1446(d). Concurrent with the filing of this Notice, Wells Fargo has served Plaintiffs with a copy of Wells Fargo's Notice of Filing of Notice of Removal (to Federal Court). A copy of this Notice to be filed in state court, without exhibits, is attached hereto as **Exhibit 3**.

/ / /

/ / /

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1    WHEREFORE, Wells Fargo requests that the above-captioned action be removed from the

2    Eighth Judicial District Court, Clark County, Nevada (Case No. A-22-850036-C), to and proceed in

3    this Court and that no further proceeding be had in this case in the state court proceeding.

4    DATED: April 20, 2022.

5                                    **HOLLAND & HART LLP**

6

7                                    By:  */s/ Sydney R. Gambee*
                                         Joseph G. Went, Esq. (NBN 9220)
8                                        Sydney R. Gambee, Esq. (NBN 14201)
                                         9555 Hillwood Drive, 2nd Floor
9                                        Las Vegas, NV 89134

10
                                         *Attorneys for Defendant Wells Fargo Bank, N.A.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

9

<div style="float:left">HOLLAND & HART LLP<br>9555 HILLWOOD DRIVE, 2ND FLOOR<br>LAS VEGAS, NV 89134</div>

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on April 20, 2022, a true and accurate copy of the foregoing

3    **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL** was served on

4    counsel below by U.S. First Class Mail:

| | |
|---|---|
| 5   James A. Beckstrom, Esq. | Lance A. Maningo, Esq. |
| BECKSTROM & BECKSTROM, LLP | MANINGO LAW |
| 6   400 So. Fourth Street, Suite 650 | 400 So. Fourth Street, Suite 650 |
| Las Vegas, Nevada 89101 | Las Vegas, Nevada 89101 |
| 7   jb@beckstromlaw.com | lance@maningolaw.com |
| | |
| 8   Jeffrey C. Schneider, Esq. | David R. Chase, Esq. |
| Jason K. Kellogg, Esq. | DAVID R. CHASE, P.A. |
| 9   Marcelo Diaz-Cortes, Esq. | 1700 East Las Olas Blvd., #305 |
| LEVINE KELLOGG LEHMAN | Fort Lauderdale, FL 33301 |
| 10   SCHNEIDER + GROSSMAN LLP | david@davidchaselaw.com |
| 201 So. Biscayne Blvd. | |
| 11   Citigroup Center, 22nd Floor | |
| Miami, FL 33131 | |
| 12   jcs@lklsg.com | |
| ah@lklsg.com | |
| 13   jk@lklsg.com | |
| md@lklsg.com | |
| 14   jhd@lklsg | |

15

16

17                                   */s/ Joyce Heilich*

18

19

20

21

22

23

24

25

26

27

28

1

## INDEX OF EXHIBITS

2

3

| EXHIBIT NO. | DESCRIPTION | PAGES |
|:---:|:---|:---:|
| 1 | Complaint | 1 – 27 |
| 2 | State Court Docket | 28 – 32 |
| 3 | Copy of Notice to be filed in state court, without exhibits | 33 - 36 |

4

5

6

7

8

9

10   18687295_v2

11

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28